[No. 10791.  Department One.  March 20, 1913.]

L. N. LISLE, *Respondent*, v. EDITH J. QUINLAN *et al.*, *Appellants.*[1]

REFORMATION OF INSTRUMENTS—DESCRIPTION—MISTAKE—INTENT—EVIDENCE—SUFFICIENCY.  Findings that a contract to convey "all ground covered by 3 buildings" at a certain street number, subject to a mortgage, should be reformed to include a six-foot way to the west of the buildings on which there was a walk, are sustained, where it appears that the mortgage assumed by the grantee covered that portion of the lot, the balance of the lot retained by the grantor being subject to other liens and held as a separate property, that the grantor made statements at the time that the contract included all the portion of the lot covered by the mortgage, and that the walk to the west had the appearance of being constructed for the use of the buildings and was attached thereto, and the fact that such tract was in a sense one piece of property.

COSTS—PARTIES LIABLE — HUSBAND AND WIFE — JOINT LIABILITY. In an action for reformation, the husband of the defendant in interest cannot object that costs were awarded against the defendants jointly, where he answered jointly with his wife and did not disclaim interest.

Appeal from a judgment of the superior court for King county, Albertson, J., entered May 6, 1912, upon findings in favor of the plaintiff, in an action for reformation and specific performance.  Affirmed.

*Robert A. Devers*, for appellants.

*Carkeek, McDonald & Kapp*, for respondent.

[1]Reported in 130 Pac. 902.

PARKER, J.——The plaintiff seeks reformation and specific performance of a contract for exchange of real property, entered into by him with the defendant Edith J. Quinlan, whereby he agreed to convey to her certain lands in Benton county in exchange for certain real and personal property in Seattle, which she agreed to convey to him. The Seattle property so agreed to be conveyed to the plaintiff is described in this contract as follows:

"All ground covered by 3 bldgs. located at 806, 808-10 Col. St. in city of Seattle, together with all furniture therein. All interest, taxes, rents, etc. to be pd. to date, excepting $6,000.00 mortg. on R. E. & $730.30 on Furn. . . . $6,000.00 mortg. on R. estate, $730.30 on furniture."

The reformation sought is to have this description read: "The easterly 78 feet of lot 8 in block 71 of Terry's first addition to the town, now city, of Seattle, King county, Washington;" upon the ground that the parties to the contract did not then know the exact description of the land to be conveyed, and were mutually mistaken in the description made in the contract. Appellant D. M. Quinlan did not sign this contract with his wife. He was made a party defendant with a view to permitting him to set up whatever rights he might have in the property. They answered jointly upon the merits, and he did not disclaim interest in the property though the court eventually found it to be her separate property. A trial upon the merits resulted in the court's decreeing the reformation and specific performance, as claimed by the plaintiff, from which the defendants have appealed.

This controversy has to do principally with the question of the quantity of land respondent is entitled to have conveyed to him under the exchange contracts, appellants contending that the respondent is entitled only to the easterly 72 feet of the lot, while respondent contends that he is entitled to the easterly 78 feet of the lot.

Appellant Edith J. Quinlan, at the time of entering into

this exchange contract with respondent, owned as her separate property all of lot 8 upon which the buildings mentioned in the contract are situated. This lot is upon a corner fronting westerly upon Eighth avenue and southerly 120 feet upon Columbia street. The easterly 78 feet of the lot were then subject to the mortgage for $6,000 mentioned in the contract, which respondent was to assume. Appellant was free to convey this portion of the lot, and could give good title thereto subject only to this mortgage. The westerly 42 feet of the lot were subject to a certain other lien by virtue of a decree of the superior court. It is apparent that these were held by her as two separate pieces of property. The buildings mentioned in the contract consist of three apartment houses adjoining each other, having the external appearance of a single building. These buildings have a southerly frontage upon Columbia street of 72 feet measured from the easterly end of the lot. To the rear of these buildings on the north there is an open space, some four or six feet wide, between them and the north line of the lot, occupied by a board walk. This ground it is conceded respondent is entitled to under the contract, with the ground upon which the buildings proper are situated. On the west, adjoining the westerly building and attached thereto, is a board walk running the entire length thereof from the front on Columbia street to and connecting with the board walk in the rear. This westerly walk is about three feet wide for a short distance back from Columbia street, where it extends in width to another building of Mrs. Quinlan on the westerly 42 feet of the lot, and where there are steps leading down northerly to the rear of that building, it being on ground considerably lower. There is, however, more convenient access to the rear of that building from Eighth avenue. There are several windows in the outer wall of the westerly building, including one leading into the basement at the level of the walk. The easterly 78 feet of the lot claimed by respondent would possibly encroach slightly

upon the steps leading down to the rear of the building on the westerly 42 feet, but would not reach to the eaves of that building, which are about two feet wide, by about eight inches.

There is testimony of several witnesses to conversations during the negotiations leading up to the signing of the exchange contract, in which Mrs. Quinlan stated in substance that she intended to exchange the same property as that described in and covered by the mortgage; also that she intended this westerly walk to be included in that property. She denied these conversations, but we are constrained to regard the preponderance of proof as being against her, as it was so regarded by the trial judge who heard and saw the witnesses. We have then these main facts lending support to the conclusion reached by the trial court: (1) The concession that the ground in the rear of the buildings was to be conveyed under the contract, indicating that the parties did not intend that the description in the contract was to be read literally, and confined to the ground covered by the buildings alone; (2) the statements of Mrs. Quinlan in conversation about the time she executed the contract, that all of the mortgaged property was included in the contract; (3) the fact that the walk on the west of the buildings had the appearance of being constructed for use in connection therewith and was attached thereto; and (4) the fact that the whole of the easterly 78 feet of the lot was in a sense one piece of property, and so regarded by Mrs. Quinlan. The facts, we think, support respondent's claim of reformation of the description and specific performance of the contract.

Some contention is made by appellant D. M. Quinlan against the decree in so far as it awards costs against both appellants jointly. In view of the fact that he answered jointly with his wife upon the merits, and did not disclaim interest in the property, we think he cannot now be heard to complain of the award of costs against him as well as his wife.

Other contentions we think are wholly without merit and do not call for discussion. The judgment is affirmed.

CROW, C. J., GOSE, CHADWICK, and MOUNT, JJ., concur.